UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RICHARD CANTE,

                        Plaintiff,                  **MEMORANDUM AND ORDER**

         -against-                            07-CV-1716 (ERK)

**ROBERT BAKER, et al.,**

                        **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is a series of discovery disputes addressed by the parties in a joint letter filed on March 21, 2008 ("3/21/08 Letter"). Most of the disputes are resolved below; the remaining issues will be discussed at the conference scheduled for May 15, 2008, at 2:00 p.m.

**I. Issues Regarding Discovery Sought from Plaintiff Richard Cante ("Plaintiff")**

    **(1) Materials Concerning Plaintiff's
         Communications With Government Agencies**

Citing the attorney-client privilege and work product doctrine, plaintiff has withheld materials concerning his or his attorney's communications with government agencies about the matters at issue in this case. As the proponent of the privilege, plaintiff bears the burden of proving the factual basis for each of the elements of his privilege claim, and that burden "is not . . . discharged by mere conclusory or ipse dixit assertions . . . ." In re Pfizer Inc. Secs. Litig., No. 90 Civ. 1260 (SS), 1993 WL 561125, at *2 (S.D.N.Y. Dec. 23, 1993) (quoting In re Bonanno, 344 F.2d 830, 833 (2d Cir. 1965)); accord Music Sales Corp. v. Morris, No. 98 Civ. 9002 (SAS)(FM), 1999 WL 974025, at *4 (S.D.N.Y. Oct. 26, 1999); see United States

v. Constr. Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996). Furthermore, the proponent of the privilege must also establish the non-waiver of the privilege. See In re Pfizer, 1993 WL 561125, at *2 (citing Nikkal Indus., Ltd. v. Salton, Inc., 689 F.Supp. 187, 191 (S.D.N.Y. 1988)). Plaintiff has not sustained his burden.

Even assuming *arguendo* that the aforesaid communications with government agencies would otherwise be protected from disclosure,[1] cases have held that "protection is waived for materials submitted voluntarily to stimulate beneficial official action" against a third party. Info. Res., Inc. v. The Dun & Bradstreet Corp., 999 F.Supp. 591, 593 (S.D.N.Y. 1998) (discussing cases); see Bank of Am., N.A. v. Terra Nova Ins. Co., 212 F.R.D. 166, 172-74 (S.D.N.Y. 2002). Plaintiff's argument that he shared a common interest with the government agencies is unpersuasive, as they were not his allies when the materials were submitted to them. See Info. Res., 999 F.Supp. at 593; accord Bank of Am., 212 F.R.D. at 173.

In counsels' letter to the Court, plaintiff asserts that his submissions to government agencies were labeled "PRIVILEGED AND CONFIDENTIAL" and that he understood that the documents would remain confidential pending resolution of the agencies' investigations. See 3/21/08 Letter at 2-3. However, plaintiff neither references nor attaches any written confidentiality agreements. Significantly, none of the agencies in question has intervened in this proceeding to protect the secrecy of its investigation. See Info. Res., 999 F.Supp. at 593. Under these circumstances, the demanded documents must be produced, subject to a confidentiality stipulation.

---

[1] Neither party has addressed this issue.

**(2) Materials Concerning Plaintiff's Emotional Distress**

Plaintiff concedes that his assertion of emotional distress effects a waiver of the protection of the doctor-patient (or therapist-patient) privilege. See 3/21/08 Letter at 5; see also James v. Federal Reserve Bank, No. CV01-1106(RJD)(VVP), 2006 WL 1229109, at *1 (E.D.N.Y. May 8, 2006); see generally Jaffee v. Redmond, 518 U.S. 1, 15 n.14 (1996). Plaintiff mistakenly argues, however, that that waiver is confined to evidence available from his therapist, and that he need not answer deposition questions concerning communications with his therapist. See 3/21/08 Letter at 5. However, once the privilege has been waived, plaintiff has no right to refuse to answer deposition questions on privilege grounds.

Indeed, as plaintiff notes, his objection to being subjected to deposition questions about his therapist's diagnosis is in fact a *hearsay* objection. See id. A hearsay objection is not a proper basis for a refusal to answer deposition questions; rather, the witness may note the hearsay objection on the record, "but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). Therefore, defense counsel was entitled to seek discovery from plaintiff concerning his communications with his therapist.

**(3) Plaintiff's Daily Log**

Relying on the work product doctrine, plaintiff refuses to produce his daily log, which is alleged to reflect the events at issue in this case. Plaintiff is directed to submit the document for *in camera* inspection by May 12, 2008.

**(4) Plaintiff's Wife's Prescription Drugs**

In his Amended Complaint, plaintiff alleges that his refusal to switch from Local 74 to

Local 94 was based on the fact that the drug coverage plan available to Local 94 was inferior to the Local 74 plan; specifically, the pleading asserts that plaintiff's wife is disabled; that she "takes thirteen pills and one injection each day" and relies on her husband's health benefits plan; and that defendant Robert Baker ("Baker") tried to force plaintiff to switch unions and thereby "punish Cante by hurting Cante's wife." Am. Compl. ¶¶ 10-11, 110-11. Plaintiff thus has put in issue the cost of his wife's prescription drugs.

Plaintiff nevertheless refuses to identify or provide cost information concerning the prescription drugs that his wife was taking in 2005 and 2006. Plaintiff does not and cannot dispute that the information sought is relevant. Rather, he complains that disclosure "would be unnecessarily invasive," and that the defense should be limited to an abstract comparison of the features of the two health plans. See 3/21/08 Letter at 9. This Court disagrees.

As plaintiff chose to place his wife's medical condition in issue, it would be inequitable to deny the defense pertinent information with which to test the *bona fides* of plaintiff's allegations. See Hoppe v. G.D. Searle & Co., 779 F.Supp. 1413, 1419 (S.D.N.Y. 1991) (denying plaintiff's motion to exclude evidence of her own and her husband's sexual histories, which were relevant to proving alternative causes of plaintiff's infertility); Hoppe v. G.D. Searle & Co., No. 88 Civ. 2558 (JFK), 1990 WL 198825, at *3 (S.D.N.Y. Nov. 27, 1990) ("While plaintiff's husband's medical records may not technically be within her 'possession, custody or control,' it would be inequitable for this case to proceed without full disclosure of plaintiff's husband's medical records. Moreover, it cannot be said that the plaintiff's husband

is a wholly disinterested third party.").

Consequently, plaintiff must disclose his wife's medical information pursuant to a confidentiality stipulation.[2]

**(5) Plaintiff's Communications With Local 94**

Defendants complain that plaintiff has refused to answer an interrogatory demanding that he particularize each and every communication he had with any representative of Local 94 over the course of the two-year period from 2005 through 2006. See 3/21/08 Letter at 10; see id. at 11 (quoting disputed interrogatory). Plaintiff replies that defendants "have already engaged in ample discovery on this topic" -- i.e., they have deposed at length both plaintiff and Ray Macco ("Macco"), Local 94's business representative, and have obtained phone records from both of them. Id. at 10. This dispute will be addressed at the May 15th conference.

**II. Issues Regarding Discovery Sought from Defendants**

**(1) Plaintiff's Employment Status**

A. *F.D.N.Y. Certificate of Fitness*

Plaintiff has already answered this interrogatory, albeit in counsels' unsworn letter to the Court. See 3/21/08 Letter at 12 (second paragraph of "Defendants' Position"). Plaintiff shall provide the information requested in a formal interrogatory response.

B. *Conversations Between Plaintiff and P.S. 181's Principal*

Plaintiff contends that information regarding conversations between defendant and

---

[2] Indeed, in February of this year, the parties executed a confidentiality stipulation that was expressly drafted to cover, *inter alia*, Diane Cante's medications.

Cheryl Auguste, the principal of P.S. 181, about whether to hire or fire Neil Spaen or other custodial workers is relevant to show her authority to affect the employment of custodial workers and thus to establish their status as municipal employees. See 3/21/08 Letter at 13. Defendants fear "that plaintiff is seeking to use [the] information [sought] to embarrass Baker, P.S. 181Q and the DOE." Id. at 13. However, defendants' concern can be addressed by disclosing the information subject to a confidentiality stipulation. Furthermore, given the limited purpose of the interrogatory, defendants need not provide all the details concerning the conduct or qualifications of other custodial workers; rather, since the purpose is to ascertain whether the school principal exercised authority to hire or fire any custodial workers, defendants' response need only provide sufficient information to reveal her role, if any, in the decisionmaking process.

**(2)   Baker's Job Performance and Employment Status**

    A.  *Documents Concerning Prior "Inadequate or Discriminatory Mismanagement"*

Although defendant City of New York (the "City") reportedly refused to produce any documents concerning prior inquiries or complaints of inadequate or discriminatory mismanagement by Baker, see 3/21/08 Letter at 14, the City now represents that, in addition to producing all documents in Baker's personnel file for the period from 2005 to 2006, it also "searched for, but found no documents regarding any prior claims of 'discrimination' or 'retaliation' against Baker . . . ." Id.[3] The City shall supplement its formal response to

---

[3] The Court presumes that the referenced search was not limited to the 2005-2006 period.

plaintiff's document demands to include that representation. In addition, the City shall search for and produce any materials prior to 2005 that bear on Baker's credibility. However, the Court agrees with the defense that plaintiff is not entitled to pre-2005 documents concerning inadequate management, as such documents are not relevant to the claims or defenses in this case.

>    B. *Documents Relating to Baker's Tax Returns and
>       Status as an Independent Contractor*

Although the parties dispute whether plaintiff's document demands called for the materials now in dispute, see 3/21/08 Letter at 15, they have not furnished the Court with copies of the pertinent portions of the discovery demands. They shall do so by May 12, 2008.

**(3) Local 94's Involvement in the Conduct Complained Of**

In its response to two of plaintiff's interrogatories, the City asserted that the monthly lists referenced in the deposition of Local 94's Raymond Macco do not exist. See 3/21/08 Letter at 16. Plaintiff demands that the City undertake a further search for the lists and provide an affidavit from the person conducting the search. See id. Plaintiff cites no authority to support his request. The Court concurs with the City that it has satisfied its discovery obligations; plaintiff was entitled to pursue this line of inquiry through depositions, but reportedly failed to do so. See id. at 17.

**III. Issues Regarding Discovery Sought from Local 891**

The Court declines to order defendant Local 891 ("Local 891") to supplement its interrogatory response regarding a communication between Macco and a Local 891 official. Plaintiff complains that while the interrogatory concerned a conversation in April 2006, Local

891 provided a "non-responsive answer" by recounting a conversation that, according to plaintiff's characterization, occurred "in, perhaps, March 2006." 3/21/08 Letter at 17. However, the portion of the interrogatory response quoted in the parties' letter to the Court makes no reference to March; it simply describes the time as "sometime prior to April 27, 2006, the exact date or dates of which cannot be identified at this time . . . ." Id. at 18.

If the party responding to an interrogatory is unable to identify a specific date, the Court cannot compel it to do so. However, to the extent that the exact date is subsequently ascertained, Local 891 must, of course, promptly supplement its response. See Fed. R. Civ. P. 26(e)(1)(A). Failure to do so may result in a preclusion order.

## CONCLUSION

The parties shall, by May 14, 2008, supplement their discovery responses to the extent indicated above.

By May 12, 2008, plaintiff shall submit his daily logs for *in camera* inspection and the parties shall provide the Court with the pertinent portions of the discovery demands relating to Baker's tax returns and status as an independent contractor.

The remaining discovery issues will be addressed at the May 15th conference.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**May 9, 2008**

                                             **ROANNE L. MANN**
                                             **UNITED STATES MAGISTRATE JUDGE**